Good morning. Mr. O'Neill and Ms. Atkins. And our next case is People of the State of Illinois v. Jeffrey Morrison. Mr. O'Neill for the appellant. You may proceed when you're prepared to. May it please the court. Counselor, my name is Lawrence O'Neill and I represent Jeffrey Morrison in this matter. This is an appeal from the trial court's order granting the state's motion to dismiss Jeffrey Morrison's successive post-conviction petition in which Jeffrey raised the claim of actual innocence based upon newly discovered evidence. Jeffrey raised two issues in this appeal, and with the court's indulgence I intend to limit my presentation here to argument two. Following a jury trial in November of 1999, Jeffrey was found guilty of first-degree murder and other charges. The case involved the shooting death of Roxanne Colley in the far southern Illinois town of Brookport. At the time of the shooting, Colley was the girlfriend of Glenn Morrison, Jeffrey Morrison, the defendant's brother. The day before the shooting, Glenn had beaten Colley up and was later charged with domestic battery. Glenn later pled guilty in an agreement to testify against Jeffrey at the murder trial, and he pled guilty to a domestic battery charge. The primary evidence for the stated trial is Glenn's testimony. Glenn testified that on the morning of the shooting, he went with Jeffrey, Colley, and Colley's two young sons to the home of R.D. Riley in Kentucky. Jeffrey, Riley, Colley, and the kids later returned to Colley's house in Brookport. After they left, Riley discovered that his hunting rifle was missing. At about 5.30 that evening, Colley accused Jeffrey of stealing Riley's rifle. Jeffrey and Colley argued. According to Glenn's testimony, Jeffrey threatened to shoot Colley. Then, as Colley was walking out the front door, Jeffrey shot Colley in the back, and she fell outside the doorway. Jeffrey and Glenn then carried Colley back into the house. A couple of hours later, Glenn's vehicle with Jeffrey driving was stopped by the police, and a rifle was found sitting between the pass of the front seat between Glenn and Jeffrey. Jeffrey was the driver. Jeffrey and Glenn were then taken to the police station. After a direct appeal and a post-conviction petition, Jeffrey filed a motion for leave to file a successive post-conviction petition, claiming actual innocence based upon the newly discovered evidence by virtue of the affidavit of Sean Holloway. In the affidavit, Holloway attested that while he was incarcerated in the county jail with Glenn Morrison in late 1999 after the trial of Jeffrey, where Glenn was being held for the murder of Colley at that time also, Glenn told him that he was not worried about the murder charge because he had set up to blame his brother, Jeff, and thus get revenge against the two of them for having had sex with one another. Also, the affidavit states that Holloway met Jeffrey when they were both incarcerated in Menard in 2008. Holloway told Jeffrey about Glenn's confession to him while they were in jail together in 1999. Holloway then agreed to sign the affidavit without any expectation of personal gain. In Jeffrey's supporting affidavit, he attested that he did not know Holloway before he met him in Menard in February of 2008. The trial court allowed me to file a petition and state file a motion to dismiss, which the trial court granted, finding that had the new evidence been known at the time of trial, it likely would not have changed the outcome of the trial. The trial court erred as Jeffrey was entitled to an evidentiary hearing on his successive petition because he made a substantial showing of actual innocence by virtue of the affidavit of Holloway. First off, it is important to keep in mind that at the second stage of the post-conviction proceedings, all well-pleaded facts are to be taken as true and the trial court shall not engage in any factual or credibility determinations. To obtain relief for a claim of actual innocence under the Post-Conviction Hearing Act, the petitioner must show the evidence was newly discovered, material, non-cumulative, and of such a conclusive nature that it would probably change the result at trial. As noted, the court here denied Jeffrey relief because of finding that the facts contained in Holloway's affidavit would likely not have changed the outcome of the trial. Again, this trial court erred because the petition met all the criteria for a claim of actual innocence to advance to an evidentiary hearing. First, Holloway's statements were newly discovered, as Holloway was not available to Jeffrey at the time of the trial, as they did not meet in prison until February of 2008, more than eight years after the trial. Second, the evidence was not cumulative of any other evidence at Jeffrey's trial. It is unlikely that it is unlike any other evidence presented at trial. Holloway's testimony would have added something to the other evidence at trial. His testimony would have been that Glenshot collied and that Jeffrey claimed that he framed Jeffrey for the murder. Third, Holloway's statements in the affidavit are material, as they completely exonerate Jeffrey for the murder, and this credits the state's primary witness, Glen. Fourth, considering that the affidavits raised in the petition and accompanying affidavits must be taken as true at this stage, the trial court erred by finding the petition and contents of Holloway's affidavit would not have changed the result of the trial. Again, Holloway's affidavit completely exonerates Jeffrey and contradicts Glen's testimony, who was the state's primary witness at the trial and the only witness to the shooting, to testify. It also implicates Glen in the murder and contains Glen's confession to the murder. This clearly would have changed the outcome of the trial. The Supreme Court in People v. Ortiz found that when a witness's statement is both exonerating and contradicts the state's witness, it is capable of producing a different outcome on retrial. The Supreme Court found that the court can only make that determination after conducting an evidentiary hearing. This is what we have here. Holloway's testimony exonerates Jeffrey and contradicts the state's main witness and implicates Glen in the murder and that Glen framed Jeffrey. All of these allegations are capable of producing a different outcome on retrial. Jeffrey is entitled to an evidentiary hearing on this claim. The trial court should have held a hearing to evaluate Holloway's testimony and then at the third stage evidentiary hearing, it would have been proper for the court to make factual and credibility determinations after Holloway testified, was subject to cross-examination where the trial court could have evaluated Holloway's testimony. Rather, the trial court erred by making a factual determination and credibility determination based upon Holloway's affidavit. That was error. Mr. Jeffrey Morrison is entitled to an evidentiary hearing on this matter. It is also important to note that other evidence in the record supports Holloway's affidavit. In the record, the record shows that Glen beat Collie the day before the shooting and then pled guilty to domestic battery. Glen's testimony, during Glen's interrogation after the shooting, he stated that he knew that his brother Jeffrey and Collie had had sexual relations during the time that Glen and Collie were in a relationship. It was a brief period when they weren't and Glen knew that his brother was having sexual relations with his girlfriend. Thus, the other evidence supports the affidavit and it shows that Glen had an animus and a rage towards Collie. There was no physical evidence in this case that implicates Jeffrey and there was no confession by Jeffrey to the crime. In all, the petition and the affidavit clearly establish a substantial showing of actual innocence. Mr. Morrison asked this court to reverse the trial court's dismissal order and remand the cause for an evidentiary hearing regarding Holloway's affidavit. Are there any questions, Your Honors? No, there aren't. Thank you, Mr. O'Neill. Ms. Atkins? May it please the Court? Counsel, my name is Whitney Atkins and I represent the State of Illinois. The defendant has confined his oral arguments to the first issue, but I would just like to make a comment. I would like to say as to his claim that post-conviction counsel did not comply with Rule 651C. Post-conviction counsel did file a certificate in compliance with that rule and compliance with that rule can be shown with a certificate of compliance, so that issue really is settled. Turning to the second issue, defendant characterized in his post-conviction petition, he characterized his claim as one of actual innocence, but that is not what it is. His evidence that he provided was neither exonerating nor proven. To make a substantial showing of actual innocence based on newly discovered evidence, the defendant must present newly discovered evidence that, one, could not have been discovered sooner through due diligence, two, is material and non-cumulative, and three, is of such a conclusive character that it probably would have changed the outcome of trial. Defendant's unproven affidavit that he relies on to assert his actual innocent claim is comprised almost completely of inadmissible hearsay, and for purposes of considering a claim of actual innocence in a post-conviction proceeding based on newly discovered evidence, hearsay affidavits are insufficient. That is the general rule. Just to define quickly hearsay, it is evidence which does not come from the personal knowledge of the witness, but is a repetition of what others have told the witness. Here, the affidavit defendant attached to his successful petition consists of a defiant Hallowell's written statement that while he was incarcerated with the defendant, with Glenn Morrison, Glenn Morrison implicated himself as the murderer of the victim, Roxanne Colley, and stated that he placed the blame on the defendant. Well, that's not within Hallowell's personal knowledge. That is a repetition of statements told to him by Glenn Morrison. Thus, it is hearsay. Accordingly, the affidavit could really only serve impeachment purposes, and it cannot be offered to prove it's true. Thus, it does not exonerate the defendant. It does not prove that Glenn admitted to killing Roxanne Colley, and does not even have that potential. Now, in his reply brief, the defendant contends that a fiant Hallowell statement might be admitted under the against penal interest exception to the hearsay rule. But, it is the general rule in Illinois that unsworn, out-of-court declarations that the cleric committed the crime and not the defendant on trial is inadmissible, even though the declaration is against the cleric's penal interest. And the reason for that is because our Supreme Court believes that when one confesses to criminal activity, it is usually motivated by extraneous considerations, and so it is inherently unreliable. Well, it's inherently untrustworthy. Now, the Supreme Court has stated that when it can be determined that the affidavit is trustworthy, it may be admitted, even though it's hearsay. But the defendant cannot and has not shown that this affidavit is trustworthy. The affidavits are unsupported and uncorroborated by any other evidence. I find Hallowell, at the time he made these statements through his affidavit, he was being incarcerated for a crime requiring deceit, cashing bad checks. He met the petitioner while incarcerated, so it's very likely that his statements are made by extraneous motivations. And he alleges that the cleric made these statements a decade ago, but that he's just now realizing that they're important. Further, it's implicit in the trial court's dismissal of the defendant's petition that they found the affidavit untrustworthy. The trial court held that the outcome of the trial would not have changed had this evidence been admitted. As the evidence that the defendant submitted in support of his post-conviction, his claim for actual innocence in his post-conviction petition, is not exonerating. This court should not disturb the trial court's dismissal of the defendant's post-conviction petition for those reasons. Thank you. Thank you, Ms. Atkins. Mr. O'Neill, do you have a rebuttal? Yes, Your Honor. First, as to the claim that the affidavit is unproven, we need to take a look at the procedural posture of this case and of the post-conviction hearing. The affidavit at this stage does not have to be proven. It only has to make a substantial showing of a constitutional violation. The court is not allowed to make factual and credibility determinations about the affidavit at this point. As I mentioned earlier in Ortiz, the Supreme Court said that where there's a claim of actual innocence on newly discovered evidence, and the claim involves an exoneration and discredits the state's witness, that claim must be resolved in an evidentiary hearing. And that's what we have, that's what should result here. Now, the hearsay argument, first off, the mere fact that an affidavit contains hearsay statements does not bar a petition from making a substantial showing to advance to an evidentiary hearing. The question is whether it's a sufficient showing of a constitutional violation, which this affidavit did, because it is both exonerating and discredits the state's main witness. Again, this is not inadmissible hearsay. It's statements against a penal interest, and it's an admission, a confession to murder. The question of whether the truth of that allegation in the affidavit, statement in the affidavit, must be decided in an evidentiary hearing, and that witness testifies and his testimony is evaluated and weighed by the trial court. More than that, the counsel says that the general rule is that hearsay statements in affidavits are not sufficient for a collateral proceeding. That is not exactly the case. To reach that conclusion, we have to look at the two cases that the state cites in its brief supporting that proposition, People v. Cole, which is a 1991 case, a 2014-01 case, and then a 2003 case from the First District, People v. Morales, which is a post-conviction case. And there's a building to this all originates, the idea that hearsay affidavits are insufficient to support a claimant of a collateral proceeding, derives from the case that the Supreme Court case that the Cole court cited, which is People v. Sanchez. People v. Sanchez is a 2014-01 case, too, so the cases involved here cited by the state are 2014-01 cases. Now, Sanchez did help, didn't make, in Sanchez there was a detective who was attached to a 2014-01 petition, and the petition, the affidavit stated that a witness told him that Sanchez was not involved in the trial. So the trial court then dismissed that, the 2014-01 petition, because it contained hearsay statements. Now, when the Supreme Court addressed this, they did make, they did state that hearsay affidavits are insufficient to obtain relief under Section 214-01 proceedings. So it was a 2014-01 case that this Cole case, which is two 2014-01 case sites for that proposition, and then Morales, the only post-conviction case, cites Cole only, not Sanchez. So Sanchez made that general rule. Counsel says it's a general rule that an affidavit is insufficient to support a collateral claim. But importantly, in Sanchez, the Sanchez Supreme Court found an exception to that general rule for 2014-01 purposes in saying when there's a material facts known only to persons whose affidavit is unavailable due to hostility or other reasons. So in Sanchez, then the court said when that is the case, there must be an evidentiary hearing on it. So in Sanchez, that meant that the person who admitted to the investigator that Sanchez did not commit the crime, he invoked his Fifth Amendment rights and would not testify. So he was unavailable. He was unavailable. So the Sanchez court said there's an exception to the general rule that hearsay affidavits do not support collateral, do not support a basis for collateral relief. So the Sanchez court found an exception that applies to this case, even if we were going to follow Sanchez, which is a 2014-01 case. The 2014-01 is not the same procedural posture as we have here, where in the second stage where all the petitioner has to show is that substantial showing and the facts alleged are taken as true and no credibility determinations. So the Sanchez court... And here we have the case, the affidavit here would be, the declarant here is Glenn. And Glenn certainly could not be, would not include in an affidavit that he committed the murder and framed his brother. So the Post-Conviction Hearing Act requires an affidavit. It would have been dismissed if he didn't have an affidavit. He includes an affidavit from the declarant's statements, and the declarant was unavailable. He was, for purposes of this claim. Thank you. Thank you, Your Honor. Thank you for your arguments and your briefs. We'll take a minute or two. Thank you, Mr. Atkinson.